I. Townsend Burden and Florence S. Burden, Husband and Wife v. Commissioner.
Burden v. Commissioner
Docket No. 107611.
United States Tax Court
1943 Tax Ct. Memo LEXIS 481; 1 T.C.M. (CCH) 610; T.C.M. (RIA) 43084; January 30, 1943
*481 Donald Horne, Esq., for the petitioners. Conway N. Kitchen, Esq., for the respondent. LEECH Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent has determined deficiencies in income taxes of petitioners for the calendar years 1935, 1936 and 1937 in the respective amounts of $347.59, $7,870.49, and $322.63. Nine issues were raised by the petition but one of these, the disallowance of a deduction of $4,515.48 as a bad debt of one Isador Weiss, was abandoned by the petitioners on the hearing. As general facts pertaining to all of the remaining issues we find that the petitioners are residents of New York City and, as husband and wife, filed joint returns for the three years here involved, on the basis of cash receipts and disbursements, with the collector for the Third District of New York. In view of the number of the issues, the facts pertaining to each and the opinion thereon will be hereinafter set out separately. First Issue Facts. - In 1934, the Supreme Court of New York, Appellate Division, in a proceeding by the Woodside Presbyterian Church against the petitioner, I. Townsend Burden, decided that the latter had created a trust fund of $25,000 for the benefit *482 of that church, the net income being payable to the beneficiary permanently and that the petitioner, Burden, as trustee, was holding the corpus which he had declared was invested so that it would yield 4 1/2 per cent per annum. It was further held that the church was entitled to an accounting from Burden for such investments and that if no investments had been made, it was entitled to an accounting for the sum of $25,000 and the income thereon, together with interest from January 11, 1931, on which date Burden had repudiated any obligation to pay the income from the trust fund to the church. It was further held that upon the judicial settlement of such accounting the final judgment would be entered directing Burden to pay the church the remaining corpus of the trust fund. On June 8, 1934, the Court of Appeals of New York dismissed Burden's appeal from the foregoing decision. (). On May 15, 1935, the Supreme Court of New York modified its former decision by deciding that Burden should pay to the church the sum of $4,275, representing accrued interest upon the trust *483 corpus and by inserting therein the provision "that said defendant, I. Townsend Burden, as trustee, is further chargeable with the corpus of said trust fund in the sum of $25,000". (). This latter modifying decision was affirmed by the Court of Appeals of New York. (). On February 28, 1936, the petitioner, I. Townsend Burden, delivered to the petitioner, Florence S. Burden, 980 shares of stock of the Irving Trust Company and 100 shares of stock of Loew's, Inc. These stocks were thereupon delivered to the Woodside Presbyterian Church under an agreement executed by the church and both of the petitioners herein providing for the delivery of these stocks to the church by the petitioner, Florence S. Burden, "to be applied on account of the amount due from defendant upon an accounting for the trust fund of $25,000 created by the defendant for the benefit of the plaintiff". It was futher provided that the church would hold such stocks until June 1, 1938, *484 and that at any time prior to that date it would retransfer the stocks to Florence S. Burden upon payment by her of the sum of $25,000 as the amount of the trust fund, and if not so retransferred, the church had the right to sell such stock at market "and apply the proceeds toward the payment of the amount then due on said trust fund, and the plaintiff may then proceed with the above-entitled action for the removal of the transferee as trustee and for the accounting as to the balance of said trust fund". The agreement further provided that Florence S. Burden would make quarterly interest payments to the church on the trust fund of $25,000 at the rate of 4 1/2 per cent per annum, in which event she had the right to receive the dividends on the stock delivered, and that the delivery of the stock would entitle the defendant, I. Townsend Burden, as trustee, to postpone his answer for an accounting until June 1, 1938. This agreement was filed on July 10, 1936, in the Supreme Court of New York in the action of Woodside Presbyterian Church v. I. Townsend Burden, as trustee, together with a document signed by the attorney for the church in that action acknowledging the delivery to him *485 of the stock pursuant to the aforementioned agreement. At the time of the delivery of the aforementioned stocks by the petitioner, Florence S. Burden, they had a fair market value of $20,352.50. Opinion. - It is the contention of petitioners that they are entitled to a deduction of the market value of the stocks delivered to the Woodside Presbyterian Church as a loss sustained in 1936 upon such delivery. Petitioners' counsel, as a basis for such contention, argues upon brief that the decision of the New York Supreme Court, affirmed by the Court of Appeals of that state, was erroneous, and that the petitioner, I. Townsend Burden, had in fact no liability to the Woodside Presbyterian Church. This is an argument which might have been made prior to the decision of the State Court which determined that liability. But the judgment of that court is binding upon us as a final judicial settlement of property rights. ; . The delivery of the stock in 1936 to the Woodside Presbyterian Church appears to have been merely by way of pledge to secure the payment *486 which would be redeemable upon the accounting. If, however, title in fact passed to the church it was a part of the payment to that church for property belonging to the church. A further contention by petitioners' counsel upon brief that they are entitled in any event, to a deduction of the difference between the fair market value of this stock at the time of its delivery and its original cost as a capital loss, can not be sustained in view of the fact that the record contains no proof of the cost of such stock. Second Issue Facts. - The father of the petitioner, I. Townsend Burden, by his last will and testament, admitted to probate on May 13, 1913, bequeathed 998 shares of stock of the Burden Iron Company, valued for inheritance tax purposes at $998,000, to his wife and son, the petitioner herein, to be held in trust for and during the lives of this petitioner and his sister, Mary Gwendolyn, and the life of the survivor of them. This petitioner's mother was to receive one-third of the net trust income plus certain amounts for expenses and upkeep of the family home and the balance of such income was to be distributed in equal parts to the petitioner's direct descendants, *487 per stirpes. At the time of his death, the testator had three children living. A fourth child had predeceased him, leaving issue. Upon the termination of the trust by the death of the survivor of the petitioner, I. Townsend Burden, and his sister, Mary Gwendolyn, all of the corpus of the trust was to be distributed to the testator's descendants, per stirpes. For many years the Burden Iron Company did a profitable business. Approximately 75 per cent of its business was the manufacture of horseshoes but the use of these decreased because of automobile manufacture. It sustained operating losses prior to 1935 in which year its loss was $157,170.90. For 1936 and 1937, it sustained operating losses of $136,947.98 and $171,977.08, respectively. It had a book surplus at the end of 1935 of $400,460.70 and at the end of 1936 a surplus of $286,041.35. At the end of 1936 it had accumulated preferred stock dividends of $214,830 and there was outstanding $306,900 par value preferred stock. During 1936 and following this year it was a going concern engaged in manufacturing operations. It was liquidated in 1941. Opinion. - Petitioners contend that the common stock of the Burden Iron *488 Company became worthless in 1936. The issue, as framed by the petition, asserts the ownership of a life interest by the petitioner, I. Townsend Burden, in one-fourth of the 998 shares of common stock held in trust and asks a deduction of the value of such life interest as a loss sustained in that year. Petitioners' counsel, in his opening statement, so stated the issue. However, upon brief this position is changed and this petitioner now argues that he was in fact the absolute owner of the shares in question, since there was no vested interest in the remainder because the remainderman could not be determined until the termination of the trust. In view of the specific provisions of the testamentary trust under which this stock was held by this petitioner and his sister as trustees, we would have difficulty in agreeing with that position. But, it appears unnecessary to consider the question of what title or interest this petitioner had in one-fourth of the stock held in trust since the record is wholly insufficient to sustain a finding that the common stock of the Burden Iron Company became worthless in 1936. The petitioners do not even contend that there was an identifiable event *489 in 1936 determining the stock to have then become worthless. There is no proof of market value, sales or attempts to sell. The proof consists of balance sheets of the corporation for several years and certain very indefinite testimony by this petitioner of his belief that the stock was worthless in 1936 based upon the losses which had been sustained in the past. It appears, moreover, that the corporation was a going concern, actively engaged in manufacturing operations, throughout 1936 and later. At the close of 1936 it had a book surplus of $286,041.35. It is shown to have been ultimately liquidated in 1941, but the result of such liquidation and whether or not anything was recovered by holders of common stock, is not revealed. Upon this record we can not find that the stock in question became worthless in 1936. Respondent's action in disallowing the claimed loss is sustained. Third Issue Facts. - Petitioner, Florence S. Burden, was the beneficiary of three life insurance policies, in the principal amounts of $5,000, $20,000, and $25,000 on the life of her father, Dennis Sheedy. In each policy the insured provided by endorsement thereon that payment of the proceeds should *490 be made under a specified option for settlement which provided for monthly installments during the 25 years after the insured's death with a further provision that such installments should continue during the lifetime of beneficiary if she survived that period. During the years 1935, 1936 and 1937 the petitioner, Florence S. Burden, received payments under these policies of $4,694.49, $4,565.99, $4,447.11, respectively. Each of the policies provided, in addition to the specific payments, for the payment of dividends, if and when declared. The payments in the total amounts received as above set out included, for the several taxable years, dividends in the amounts of $796.41, $662.91 and $549.03, respectively. In each of the three years the payment on the policies, exclusive of dividends, was the sum of $3,898.08. In determining the deficiencies respondent has, in each year, in accordance with article 22(b) (1)-1 of his Regulations 86 and 94, determined that portion of the total payments received in each year representing income taxable to the recipient as the excess of the total payments received in each year over the quotient obtained by dividing the amount which would have been *491 payable under the insurance policies immediately upon the death of the insured, if payment at a later date had not been provided for, by the total number of installments payable over the fixed number of years for which payment was to be made. By this computation he determined amounts of $2,487.25 for 1935, $3,491.35 for 1936 and $3,377.47 for 1937 as being the respective portions of the total payments received which are subject to tax. Opinion. - The petitioners raise no question as to that portion of the payments received in each year under the three policies representing dividends. They contend that the specific guaranteed payments under the policies amounting to $3,898.08 for each year are not taxable income. The petitioner, Florence S. Burden, had no right under the policies to exercise an option to take a lump sum payment upon the death of her father. She possessed only the right to receive the specific amount of $3,898.08 in each year for a period of 25 years and for so long thereafter as she might live. This sum, received by her in each of the taxable years, is excluded from gross income and exempt from taxes under section 22 (b) (1) of the Revenue Acts of 1934 and 1936. *492 ; ; affd., ; ; . Fourth Issue $ Facts. - The petitioner, I. Townsend Burden, and his sister. Evelyn B. Burden, purchased and owned jointly a property known as Fairlawn at Newport, Rhode Island. This property was improved by a large house with many master bedrooms, a large entertainment room, ballroom, and reception room. Petitioner and his sister rented this property from time to time to tenants and, at other times, occupied it themselves. Title to the property was taken in the name of Evelyn B. Burden. At some undisclosed time subsequent to its acquisition, a deed to a onehalf interest therein was given by Evelyn B. Burden to the petitioner, I. Townsend Burden. Real estate taxes on this property amounting to $1,759.20 for each of the years 1936 and 1937 were paid by the petitioner, I. Townsend Burden, in those years. The real estate *493 taxes on this property were assessed against Evelyn B. Burden. In determining deficiencies for 1936 and 1937 respondent has disallowed as a deduction from taxable income in each year the sum of $879.60, representing Evelyn B. Burden's equal share of such tax liability. Opinion. - Petitioner contends that because of the fact that these taxes were assessed against property in which he had an undivided one-half interest, the amount of his voluntary payment of his sister's share of such taxes is deductible by him in computing his net income, irrespective of the fact that a legal obligation arose on the part of his sister to reimburse him for such payment unless the payment was a gift to his sister. We think that the action of respondent in disallowing the deduction of the onehalf of the tax payment in each year which constituted the obligation of petitioner's sister upon a tax assessed against her personally was correct. In , it was pointed out that the taxes which were merely a lien upon property owned by a taxpayer were not subject to deduction by him as taxes unless assessed against him. See also ; *494 affd., . Fifth Issue Facts. - On January 8, 1918, petitioner, I. Townsend Burden, made a loan of $1,000 to one Guy E. Wells, which was unpaid and for which, several years later, he obtained a judgment in that amount in the Municipal Court of New York City. Petitioner was unable to collect on the judgment but some time prior to 1930 Wells offered him, in settlement thereof, 1,000 shares of stock of the Magdalena Oil Company. This stock petitioner received in full payment and entered a satisfaction of the judgment in full. The value of the above-mentioned 1,000 shares of stock as of the date received by this petitioner is not disclosed but petitioner ascertained in 1935 that such stock had become worthless at some undisclosed time. Opinion. - The petitioners contend that a deduction of the amount of the loan to Wells is allowable. It is urged that the stock merely took the place of the debt and, consequently, the rule that the loss through worthlessness thereof is limited to the year in which the stock became worthless does not apply and that the loss is allowable for the year in *495 which the worthlessness was ascertained. It is argued that it is to be treated as a bad debt deduction. We do not agree. There was no indebtedness due him from Wells in 1935. No authority is now needed for the proposition that you can not ascertain as worthless or deduct a non-existent debt. Respondent was correct in his disallowance of the deduction of this $1,000 as representing a worthless indebtedness. Sixth Issue Facts. - Petitioner, Florence S. Burden, was the owner of premise sat 115 East Seventieth Street, New York City. This had been improved with a large brick residence occupied by these petitioners as their residence from 1923 until the end of 1934. Its original cost was approximately $185,000. In 1935 the petitioners undertook to remodel this property into an apartment house and convert it to commercial use. They employed an architect and a contractor under whom the work was undertaken by a contract calling for the payment of a definite amount. Before the work of remodeling was completed the petitioners had paid the contractor the full amount under the contract. But the work stood not only incomplete but, as to some of the work which had been done, the contractor *496 had failed to make payment to his subcontractors and material men. This latter condition resulted in liens being placed against the property. In this situation the contractor took the position that he had already performed and been paid for the amount of work contemplated in the original contract, that the payments to him had been fully compensated for and that any remaining work was due to changes made by the petitioners in the specifications during construction for which he had not yet been paid. Faced with this situation the petitioners consulted an attorney who, after looking into the matter, advised them to pay off the liens on the property and pay for the additional work necessary to complete the remodeling of the premises since a certificate of occupancy would not be issued by the city until the work was complete and they would be subject to a loss of rentals through the consequent delay in renting the property. The petitioners accepted his advice and made payments of additional amounts of $3,650 for labor and material and $750 for attorney's fees for services in connection with the matter. Opinion. - The petitioners contend that these additional payments constituted *497 losses because they had already paid for the work to be done and that this expense was merely a double payment for the same work. It is evident to us upon these facts, however, that the additional payments constitute capital expenditures and not a loss. The fact that the petitioners were unable to complete the work at the cost originally anticipated does not change the character of the additional amounts later found necessary to be expended. Respondent is sustained. Seventh Issue Facts. - The petitioner, Florence S. Burden, was the owner of premises at 115 East Seventieth Street, New York City, occupied by these petitioners as a residence from 1923 until the end of 1934. Its original cost when completed in 1923 was approximately $185,000. This property was converted into an apartment house in 1935 at an approximate total cost of $25,000. The work of conversion began in September of that year and was completed in April 1936, following which it was rented to tenants. Opinion. - Petitioners claim depreciation for the last three months in 1935 in a total of $3,111.11 and for each of the two years, 1936 and 1937, in the sum of $9,33.33. Respondent, in determining the deficiencies, *498 allowed depreciation in the sum of $4,290 for each of the years 1936 and 1937. It is contended by petitioners that the property when remodeled had a useful life of 15 years. No evidence, however, was introduced in support of this claim other than the opinion of petitioner, I. Townsend Burden, who gave as its basis the fact that other properties in the neighborhood had been bought in on foreclosure at low prices enabling the owners to rent profitably at lower figures. No evidence was introduced as to the fair market value of the property at the time it was devoted to commercial use, which is the basis for the computation of depreciation. ; ; . As to the claim for depreciation for three months of 1935, it is noted that the allegation of the petition is that the work of conversion was begun early in that year and completed prior to October, all of the apartments being occupied by the first of the latter month. But petitioner's proof did not support that allegation. It was shown, only, that the work *499 of remodeling the building began in September and was completed in April 1936. The rule is that the conversion of a residence property to commercial use is not effected by the determination to rent a property, but only when such actual rental is effected. ; . It necessarily follows that no allowance may be made for depreciation for 1935 since there is no evidence that the remodeled building was rented prior to the close of that year. For 1936 and 1937, there is no evidence of the value of the property at the time of conversion to commercial use. Consequently, no showing has been made that the amounts allowed by respondent were insufficient. We accordingly sustain respondent on this issue. Eighth Issue Facts. - The petitioner, Florence S. Burden, rented the apartments on the premises at 115 East Seventieth Street during 1936 and 1937 through a firm of rental agents. This agency rendered her a statement each month showing the apartments occupied, rentals collected and disbursements made. These statements this petitioner filed in a loose leaf *500 folder in which there was also maintained a recapitulation for each year of the statements furnished, together with fixed charges representing taxes, mortgage interest, and estimated depreciation. This folder contained no accounts receivable or payable and no accrued expense or income accounts. For all of the years involved the petitioners filed their returns upon the cash receipts and disbursements basis. On their returns for 1936 and 1937, petitioners deducted certain mortgage interest and taxes with respect to the property at 115 East Seventieth Street, payment of which was not made in the year for which the deduction was taken. In determining the deficiency respondent disallowed these deductions upon the ground that the petitioners were on a cash basis of accounting. Opinion. - Petitioners contend that although their personal accounts and their returns were on a cash basis, the petitioner, FlorenceS. Burden, operated the apartment house at 115 East Seventieth Street as a separate business, the accounts of which were kept on the accrual basis. An examination of the account maintained by this petitioner in connection with this rental property does not indicate any definite *501 system of accrual. The only items which may be said to have been accrued in her record are taxes and mortgage interest in the recapitulation which is headed "Personal records of apartment, 115 East Seventieth Street, N.Y.C. Property of F. S. Burden." We think that the evidence falls short of establishing that the premises at 115 East Seventieth Street was operated as a separate enterprise under accounts maintained upon an accrual basis of accounting. Respondent is sustained in his disallowance of deductions taken in 1936 and 1937 for interest and taxes not paid in those years. Decision will be entered under Rule 50.